# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMUEL GRIFFIN,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*,

    *Respondents*.

3:07-cv-00525-HDM-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#32) pursuant to the Court's prior order (#31) and Rule 4 of the Rules Governing Section 2254 Cases.

    In the amended petition, petitioner carries forward only Ground 2 from the original petition (#8), which now is designated as Ground 1. Some of the allegations in amended Ground 1, standing alone without context, are vague. For example, subpart 3 of amended Ground 1 refers to counsel's failure to correct unspecified errors in the presentence investigation report. In the original petition, however, petitioner had alleged in original Ground 1 what the alleged errors were, and he expressly incorporated original Ground 1 into original Ground 2 in the original petition.

    In the prior order, the Court informed petitioner, *inter alia*, that any amended petition filed must be complete in itself without reference to previously filed papers and that any claims or allegations that were left out of the amended petition would no longer will be before the Court. In this particular case, however, the most efficient way to proceed at this point would

be to read the allegations of amended Ground 1 *in pari materia* with applicable exhausted factual allegations from other claims in the original petition. It is clear from the record on file that the state courts reviewed the claims in amended Ground 1 on the merits. See #22, Exhs. 61, 71 & 94. No material useful purpose would be served at this point by requiring the *pro se* petitioner to again amend the petition to more fully state amended Ground 1 when it is clear both what the underlying specific exhausted allegations are and that the state courts addressed those allegations on the merits.

However, in reading amended Ground 1 *in pari materia* with related factual allegations in the original petition, the Court is in no sense holding that the legal claims in original Grounds 1, 3, and 4 remain before the Court. Petitioner did not carry forward any of these legal claims – which were the subject of respondents' earlier motion to dismiss – in the amended petition. The only legal claims that now remain before this Court are those presented in amended Ground 1 (original Ground 2).

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, respondents shall file an answer to amended Ground 1 that responds to the merits of the claims therein, subject to the foregoing discussion in this order. If respondents wish to present any procedural defenses to amended Ground 1, they shall do so within the answer along with a full response to the merits. In responding to the merits of each subpart in amended Ground 1, respondents shall specifically cite to and address the applicable state court written decisions (including the state district court decisions in this case) and state court record materials regarding that particular subpart.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the answer within which to mail a reply to the Clerk for filing.

DATED: April 12, 2010.

_____
HOWARD D. MCKIBBEN
United States District Judge